UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| SONDRA PEALER, ) | |
| ) | |
| *Plaintiff,* ) | No. 2:18-CV-194 |
| ) | |
| v. ) | Judge Collier |
| ) | |
| LOWE'S HOME CENTERS, LLC, a.k.a ) | Magistrate Judge Wyrick |
| LOWE'S HOME IMPROVEMENT, ) | |
| ) | |
| *Defendant.* ) | |

## **M E M O R A N D U M**

Before the Court is a motion to dismiss by Defendant Lowe's Home Centers, LLC, a.k.a Lowe's Home Improvement. (Doc. 26.) Defendant seeks a dismissal with prejudice under Rule 41(b) of the Federal Rules of Civil Procedure based on Plaintiff Sondra Pealer's failure to prosecute the case. (*Id.*) Plaintiff has not filed a response to Defendant's motion, and the time to do so has expired. *See* E.D. Tenn. L.R. 7.1(a).

**I.      PROCEDURAL BACKGROUND**

On August 20, 2018, Plaintiff filed a complaint in the Chancery Court for Greene County against Defendant, asserting claims under Tennessee law for retaliatory and wrongful discharge, breach of contract, and intentional infliction of emotional distress. (Doc 1 at 7.) On November 14, 2018, Defendant removed the action to this Court based on diversity jurisdiction. (*Id.*) On February 21, 2020, Plaintiff's attorney, Kyle Vaughan, filed a motion to withdraw as counsel based on his suspension from practice by the Tennessee Supreme Court. (Doc. 23.) On March 3, 2020, Magistrate Judge Wyrick granted the motion and instructed Plaintiff that she had until May 3, 2020, to obtain new counsel or proceed *pro se*. (Doc. 25.) No attorney entered an appearance on Plaintiff's behalf before the time to do so expired.

Presuming Plaintiff was proceeding *pro se*, Defendant reached out to Plaintiff directly to schedule her deposition for this matter. (Docs. 26, 26-1.) On May 13, 2020, Defendant's counsel mailed a letter to Plaintiff requesting her availability for a deposition. (Doc. 26-1.) Plaintiff did not respond. (*See* Doc. 26.) On July 23, 2020, Defendant proceeded to schedule Plaintiff's deposition for August 21, 2020, in Knoxville, Tennessee, by mailing Plaintiff a Notice of Deposition. (Doc. 26-2.) The Notice of Deposition stated Defendant's counsel would proceed, if desired, to depose Plaintiff by Zoom in light of the COVID-19 pandemic. (*Id.*) Plaintiff did not respond. (*See* Doc. 26.) On August 14, 2020, Defendant's counsel emailed Plaintiff to confirm the scheduled deposition date and location, attaching the Notice of Deposition. (Doc. 26-3.) Plaintiff did not respond. (*See* Docs. 26, 26-4.) On August 19, 2020, Defendant's counsel again emailed Plaintiff to confirm the deposition and again attached the Notice of Deposition. (Doc. 26-4.) Plaintiff responded to this email on August 21, 2020, four hours before her deposition was scheduled to begin. (Doc. 26-5; *see* Doc. 26-2.) In her email, Plaintiff apologized for the short notice and stated:

> Unfortunately I will not be able to make it this morning. I have had a medical emergency overnight.
>
> Also unfortunately, due to unexpected extenuating medical issues, I am no longer able to pursue this case.

(Doc. 26-5.)

On September 23, 2020, Defendant filed a motion to dismiss based on Plaintiff's failure to prosecute the case. (Doc. 26.) Defendant argues Plaintiff has done nothing to move the case forward since her counsel's withdrawal and ignored Defendant's attempts to schedule her deposition. (*Id.*) In addition, Defendant maintains Plaintiff's actions have prejudiced Defendant, as it cannot defend a case without knowing the facts and allegations that would be developed in

Plaintiff's deposition. (*Id.*) Defendant further asserts prejudice based on Plaintiff's late cancellation, which occurred after Defendant's counsel had prepared for and traveled from Nashville to Knoxville for the deposition. (*Id.*) Defendant asserts Plaintiff's actions, coupled with her expressed intent to no longer pursue her case, warrant dismissal of the action with prejudice pursuant to Rule 41(b). (*Id.*) Plaintiff did not respond to Defendant's motion.

## II. DISCUSSION

Rule 41(b) of the Federal Rules of Civil Procedure gives this Court the authority to dismiss a case for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court," either upon the defendant's motion or on its own initiative. *See Link v. Wabash R. Co.*, 370 U.S. 626, 629–30 (1962); *see also Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013). The Court considers four factors when addressing a motion to dismiss under Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005); *see also Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 589 (6th Cir. 2001). Each factor is addressed in turn.

### A. Willfulness, Bad Faith, or Fault

"The first factor is whether the party's failure to cooperate in discovery is due to willfulness, bad faith, or fault[.]" *Freeland v. Amigo*, 103 F.3d 1271, 1277 (6th Cir. 1997). To meet this standard, a plaintiff's conduct must "display either an intent to thwart judicial proceedings or a reckless disregard for the effect of his conduct on those proceedings." *Kovacic v. Tyco Valves & Controls, LP*, 433 F. App'x 376, 380 (6th Cir. 2011) (quoting *Wu*, 420 F.3d at 643).

3

Likewise, the standard is satisfied when there is "a clear record of delay or contumacious conduct." *Carpenter*, 723 F.3d at 704.

First, the Court finds Plaintiff recklessly disregarded her conduct's effect on this case's proceedings. *See Kovacic*, 433 F. App'x at 380. Plaintiff failed to respond to Defendant's requests to schedule her deposition for three months. Her first, and only, communication with Defendant's counsel was an email indicating she would not attend her deposition, sent just hours before its scheduled start. By failing to respond until that time, Plaintiff disregarded the time, cost, and efforts expended by Defendant, all of which were wasted and could have been avoided with a more prompt response to Defendant's counsel.

Second, refusal to comply with discovery requests can establish a clear record of delay. *See Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368 (6th Cir. 1997). In *Harmon*, the plaintiff's repeated failure to respond to the defendant's interrogatory requests was found to demonstrate delay, which was "equally, if not more, egregious because it was accomplished with disregard for [the defendant's] persistent requests and with contempt for an order of the court." *Id.*

Here, Plaintiff repeatedly ignored the requests from Defendant's counsel to schedule her deposition. When she finally did respond, it was only hours before her deposition. Her response came after Defendant's counsel repeatedly attempted to confirm the date with her, spent time planning and preparing for the deposition, and traveled from Nashville to Knoxville to take her deposition. With no evidence to suggest otherwise, the Court finds a clear record of delay by Plaintiff. The Court has not disregarded that Plaintiff is presumably proceeding *pro se* in this matter. However, her *pro se* status alone cannot excuse her conduct and the delay it has caused. *See Carlson v. Lunsford*, No. 05-1025-JDB, 2008 WL 4442573, at *1 (W.D. Tenn. Sept. 23, 2008)

("A plaintiff, even a *pro se* plaintiff, has an obligation to keep himself informed about the status of his case and to move his case forward.").

Third, contumacious conduct is behavior that is "perverse in resisting authority" and "stubbornly disobedient." *Carpenter*, 723 F.3d at 705 (quoting *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 737 (6th Cir. 2008)). At times, failure to respond to discovery requests meets this definition. *See, e.g.*, *Harmon*, 110 F.3d at 368. In *Harmon*, the plaintiff "failed to respond to the amicable requests of [the defendant's] counsel, he failed to respond to [the defendant's] motion to compel, and he failed to comply with" a court order. *Id.* "This record is more than adequate to establish that [the plaintiff's] counsel was stubbornly disobedient and willfully contemptuous." *Id.*

Here, Plaintiff refused to respond to Defendant's request to schedule her deposition and repeated efforts to confirm her deposition date for three months. Plaintiff could have responded to Defendant's counsel to confirm the date, request a different date, or ask the deposition to proceed via Zoom. However, Plaintiff chose to disregard Defendant's counsel and, in so doing, willfully disregard the case she brought before this Court. This conduct straddles the line of contumaciousness.

On a final note, the Court finds Plaintiff's representations to be both indicative of her willfulness and persuasive evidence in warranting dismissal for failure to prosecute. Plaintiff stated she is "no longer able to pursue this case," and has not responded in opposition to Defendant's motion to dismiss. While a stipulation of dismissal is preferred, Plaintiff's representation indicates she willfully has not prosecuted the case and will continue to do so if the case is not dismissed. Thus, this factor weighs heavily in favor of dismissal.

## B. Prejudice

"The second factor that a court must consider is 'whether the adversary was prejudiced by the dismissed party's conduct.'" *Wu*, 420 F.3d at 643–44 (quoting *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)). Failure to cooperate with discovery requests has been found to constitute prejudice. *See, e.g.*, *Harmon*, 110 F.3d at 368. In *Harmon*, the plaintiff's failure to respond to the defendant's discovery requests meant "[n]ot only had [the defendant] been unable to secure the information requested, but it was also required to waste time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide." *Id.* The Court of Appeals for the Sixth Circuit had "no doubt that [the defendant] was prejudiced by [the plaintiff's] failure to respond to its interrogatories." *Id.*

Like the Court of Appeals in *Harmon*, the Court has no doubt Plaintiff's conduct has prejudiced Defendant. Plaintiff's conduct has caused Defendant to waste time, money, and effort to schedule and prepare for Plaintiff's deposition. Defendant's counsel sent Plaintiff a letter, a Notice of Deposition, and two emails. Defendant's counsel spent time preparing for Plaintiff's deposition. Defendant's counsel traveled from Nashville to Knoxville to take the deposition. It was only after all of this time, money, and effort was expended, and only four hours before her deposition, that Plaintiff notified Defendant's counsel she would not attend it. Plaintiff told Defendant's counsel she could not attend due to an overnight medical emergency, which the Court recognizes could be grounds to reschedule a deposition. But Plaintiff's medical emergency does not excuse her complete failure to respond to Defendant's counsel for the three months prior. Thus, the Court finds Defendant has been prejudiced by Plaintiff's failure to prosecute this case, and this factor weighs in favor of dismissal.

### C. Notice

The third factor considers "whether the dismissed party was warned that failure to cooperate could lead to dismissal." *Knoll*, 176 F.3d at 363. "[W]here a plaintiff has not been given notice that dismissal is contemplated, a district court should impose a penalty short of dismissal unless the derelict party has engaged in bad faith or contumacious conduct." *Harmon*, 110 F.3d at 1367 (internal quotations omitted).

Plaintiff has not received explicit warning from the Court that her failure to prosecute could result in her case's dismissal. The only indication Plaintiff has received of possible dismissal is service of Defendant's motion to dismiss. (*See* Doc. 26 at 5 (certificate of service by mail of Motion to Dismiss to Plaintiff.) However, Plaintiff's representation of being "no longer able to pursue this case" suggests the dismissal would neither surprise Plaintiff nor be without her consent. Even so, Plaintiff's conduct borders on being contumacious, as discussed above. *See supra* II.A. Thus, the Court finds this factor weighs slightly against dismissal.

### D. Lesser Sanctions

The final factor addresses "whether less drastic sanctions were imposed or considered before dismissal was ordered." *Knoll*, 176 F.3d at 363. In weighing whether dismissal is appropriate, the Court must exercise "particular caution 'in the absence of contumacious conduct.'" *Harmon*, 110 F.3d at 368 (quoting *Freeland*, 103 F.3d at 1280). If contumacious conduct is lacking, "an alternate sanction that would protect the integrity of pretrial procedures should be utilized rather than dismissal with prejudice." *Freeland*, 103 F.3d at 1280. However, "[t]his circuit has recognized dismissal as a sanction for failing to comply with discovery because 'it accomplishes the dual purpose of punishing the offending party and deterring similar litigants

7
Case 2:18-cv-00194-CLC-CRW   Document 27   Filed 01/14/21   Page 7 of 8   PageID #: 122

from such misconduct in the future.'" *Sexton v. Uniroyal Chem. Co., Inc.*, 62 F. App'x 615, 619 (6th Cir. 2003) (quoting *Bass v. Jostens, Inc.*, 71 F.3d 237, 241 (6th Cir. 1995)).

The Court has considered other sanctions. Despite the lack of previous, less drastic sanctions, several facts weigh in favor of dismissal. *See id.* at 620 ("[A] district court does not abuse its discretion by dismissing a case when other sanctions might be workable as long as dismissal is supported by the facts."). Most notably, lesser sanctions would be unable to remedy Plaintiff's failure to prosecute, as she expressly indicated she will not pursue this case any longer. Likewise, dismissal remains an appropriate sanction based not only on Plaintiff's representation, but also on her failure to comply with Defendant's discovery efforts. Thus, based on the evidence presented, the Court finds lesser sanctions are not appropriate and dismissal is warranted, so this factor supports dismissal.

### III. CONCLUSION

Therefore, as three factors weigh in favor of dismissal and one weighs slightly against dismissal, the Court **GRANTS** Defendant's motion (Doc. 26) and will **DISMISS** this action **WITH PREJUDICE**.

**AN APPROPRIATE ORDER WILL ENTER.**

**/s/**
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**